NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 25 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-6840 |
| Plaintiff - Appellee, | D.C. No. 3:23-cr-00218-JSC-2 |
| v. | |
| JORDY AGUILAR, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Jacqueline Scott Corley, District Judge, Presiding

Submitted February 18, 2026[**]

Before:   CALLAHAN, FRIEDLAND, and BRESS, Circuit Judges.

Jordy Aguilar appeals from the district court's judgment and challenges the

54-month, below-Guidelines sentence imposed following his guilty-plea

conviction for possession with intent to distribute and distribution of

methamphetamine and fentanyl in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Aguilar first contends the district court erroneously applied 18 U.S.C. § 3553(a)(6), which requires the court to consider the need to avoid unwarranted sentencing disparities. Because Aguilar did not raise this argument in the district court, we review for plain error. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). The court did not plainly err. Contrary to Aguilar's argument, the record as a whole reflects that the court considered comparator cases involving defendants "who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). In the absence of additional specific comparator cases identified by Aguilar, he has not shown a "reasonable probability" he would have received an even greater downward variance absent the alleged error. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

Aguilar also contends that his sentence is substantively unreasonable in light of the more lenient sentence received by his co-defendant. The district court made clear, however, that it did not view Aguilar and his co-defendant as similarly situated. *See United States v. Carter*, 560 F.3d 1107, 1121 (9th Cir. 2009) (a sentencing disparity is not unwarranted if the co-defendants are not similarly situated). As to Aguilar, the court further explained that the seriousness of the drug offense, which was exacerbated by the presence of two loaded guns belonging to Aguilar, and the need for general deterrence supported a 54-month sentence.

24-6840

Considering the § 3553(a) sentencing factors and the totality of the circumstances, the district court did not abuse its discretion in imposing the below-Guidelines sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**